UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS JAMES BRANNON,

     Plaintiff,

v.                                                  Case No.:  8:24-cv-788-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Dennis James Brannon seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision**

**A.    Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on May 9, 2019, alleging disability beginning on that same date. (Tr. 97, 191-93, 198-99). The application was denied initially and on reconsideration. (Tr. 97, 115).

Plaintiff requested a hearing and on December 8, 2020, a hearing was held before Administrative Law Judge Amber Downs ("ALJ"). (Tr. 42-81). On February 24, 2021, the ALJ entered a decision finding Plaintiff had not been disabled from May 9, 2019, through the date of the decision. (Tr. 14-25). On October 5, 2021, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5).

Plaintiff appealed the denial to the United States District Court. The Court reversed the ALJ's decision and remanded the action to Commissioner for further proceedings. (Tr. 3502-3503). On remand, the Appeals Council entered an order remanding the case to the ALJ for further proceedings. (Tr. 3506-3510). On September 19, 2023, the ALJ held another hearing. (Tr. 3459-98). On January 29, 2024, the ALJ entered a decision finding Plaintiff had not been disabled from May 9, 2019, through the date of the decision. (Tr. 3433-47).

Plaintiff appealed the second decision, and began this action by Complaint (Doc. 1) filed on April 1, 2024. The case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025. (Tr. 3435). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 9, 2019, the alleged onset date. (Tr. 3436). At step two,

the ALJ found Plaintiff had the following severe impairments: "arrhythmias; diabetes mellitus; spine disorders; sleep apnea; migraines; hypertension; degenerative joint disease; rotator cuff tear of the left shoulder." (Tr. 3436). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 3438).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except that he can occasionally lift and/or carry 20 pounds. He can frequently lift and/or carry 10 pounds. He can sit 6 hours, stand 6 hours, and walk 6 hours. He can push and/or pull as much as he can lift and/or carry. He can frequently reach overhead with the bilateral upper extremities. He can frequently reach in all other directions with the bilateral upper extremities. He can frequently climb ramps and stairs. He can occasionally climb ladders, ropes, and scaffolds. He can frequently stoop, kneel, and crouch. He can occasionally crawl. He can occasionally be exposed to unprotected heights and moving mechanical parts. He can frequently be exposed to humidity and wetness; dust, odors, fumes, and pulmonary irritants; extreme cold; and extreme heat.

(Tr. 3439).

At step four, the ALJ determined that Plaintiff was capable of performing his past relevant work as an Intelligence Specialist and Supervisor/Intelligence

Specialist. (Tr. 3445). The ALJ found this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 3445).

Along with Plaintiff's past relevant work, the ALJ also found that there were other jobs in the national economy that Plaintiff could perform. (Tr. 3446). At step five, the ALJ found that considering Plaintiff's age (58 years old on the alleged onset date), education (at least high school), work experience, work skills, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 3446). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform the occupation of Data Entry Clerk, DOT[1] 203.582-054, sedentary, semi-skilled, SVP 4. (Tr. 3447). The ALJ concluded that Plaintiff had not been under a disability from May 9, 2019, through the date of the decision. (Tr. 3447).

## II.    Analysis

On appeal, Plaintiff challenges whether the ALJ applied the correct legal standard to Plaintiff's testimony and functional limitations. (Doc. 12, p. 5). Plaintiff contends that the ALJ did not properly consider Plaintiff subjective statements about his migraine headaches and brain infarction.

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395

F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

Beginning with Plaintiff's subjective complaints about migraine headaches, Plaintiff contends the ALJ rejected Plaintiff's testimony about his impairments and the limitations stemming from these impairments based on the lack of objective medical evidence. (Doc. 12, p. 10). Plaintiff claims that the ALJ failed to discuss or even weigh the relevant factors listed in 20 C.F.R. § 404.1529(c)(3)(i-vii) in evaluating Plaintiff's subjective complaints. (Doc. 12, p. 10).

The Commissioner contends that the ALJ considered Plaintiff's migraine headaches and how they might affect his attention and concentration, but pointed out that "'the record is devoid of any deficits in attention and concentration.'" (Doc. 14, p. 10 (citing Tr. 3444)). The Commissioner also contends that the ALJ acknowledged that Plaintiff's migraines could be triggered and exacerbated by environmental factors and therefore included limitations associated with migraine

headaches in the RFC, such as environmental restrictions like no frequent exposure to humidity, wetness, dust, odors, fumes, and pulmonary irritants. (Doc. 14, p. 10 (citing Tr. 3444-45)). While the ALJ included some limitations in the RFC that relate generally to migraine headaches, she did not appear to consider Plaintiff's testimony about triggers for his migraine headaches nor did she explain why she failed to find his testimony consistent with the medical and other evidence of record.

At the December 8, 2020 hearing, Plaintiff testified that one reason he stopped working was because staring at a computer for eight hours a days (which his job required) caused daily headaches and weekly migraine headaches. (Tr. 54). He later explained that these headaches stemmed from neck issues. (Tr. 55). He also testified that bright lights triggered his migraines and again testified that sitting at a computer or reading a book – anything that required focus and concentration – triggered migraine headaches. (Tr. 55-56). He testified he had migraine headaches two or three times a month, and they could last anywhere from three to four hours to some lasting a few days. (Tr. 56). When he felt a migraine headache starting, he testified he used a device similar to a TENS units on his forehead, then took medication – which was seldom helpful – and then laid himself down in a dark room with soothing music. (Tr. 69-70).

At the September 19, 2023 hearing, Plaintiff confirmed that he suffered from migraine headaches two to three times per month and that they lasted four hours to

two days. (Tr. 3468). He testified that when the migraine headaches were bad, he could not focus or concentrate and eventually went into a dark room to sleep. (Tr. 3469-70).

At step two in the decision, the ALJ found Plaintiff's migraine headaches to be a severe impairment. (Tr. 3436). The ALJ noted that Plaintiff's migraine headaches were treated with medication and were stable in May 2019. (T. 3442). As to Plaintiff's subjective complaints, the ALJ generally found in the decision:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 3440).

In sum, the ALJ assessed Plaintiff's subjective statements about migraine headaches as follows:

> As mentioned, while the undersigned considered the migraines, and how they may affect the claimant's attention and concentration, the record is devoid of any deficits in attention and concentration. Therefore, migraines have been addressed in the residual functional capacity by recognizing that they can be triggered and/or exacerbated by environmental factors, such as wetness and humidity, as well as odors (2F/144, 3F/7). In sum, any limitations associated with the migraines have been addressed by restricting the claimant to frequently being exposed to humidity and wetness; and dust, odors, fumes, and pulmonary irritants. Therefore, this opinion is not persuasive.

- 11 -

(Tr. 3444). Otherwise, the ALJ mentioned migraine headaches about three times, repeating these same findings each time. (Tr., 3443-45).

Unlike the ALJ's findings, Plaintiff testified that his migraine headaches were triggered, not by environmental problems, such as excessive humidity, dust, or odors, but by staring at a computer, bright lights, and reading – basically activities that required focus and concentration. (Tr. 55-56). The ALJ never mentioned these triggers and arguably assumed by including environmental limitations, she addressed his triggers. She did not. The ALJ also found that the record was "devoid" of evidence of any deficits in attention and concentration, but Plaintiff testified that when he suffered from a migraine headache, he could not focus or concentrate and had to leave work early. (Tr. 54-56). Most troubling is that the ALJ found Plaintiff able to return to his past relevant work as an Intelligence Specialist and as a Supervisor/Intelligence Specialist, which required him to focus and concentrate on a computer for the greater part of a workday. (Tr. 54, 3445). The exact activity that Plaintiff claimed triggered migraine headaches. (Tr. 54). Alternatively, the ALJ determined that Plaintiff could perform the duties of a Data Entry Clerk. (Tr. 3446). Again, this position requires the operation of a keyboard or other data entry device to enter data into a computer. Data Entry Clerk, 203.582-054, 1991 WL 671700. Arguably, this job also requires focusing on a computer for much of the workday.

In essence, while the ALJ claimed to consider Plaintiff's migraine headaches and their triggers, she instead ignored Plaintiff's testimony and, without any explanation, listed jobs that did or would trigger his migraines. The ALJ failed to provide sufficient reasoning for the Court to conduct a meaningful review and determine whether substantial evidence supports her decision as to Plaintiff's subjective complaints. *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."). The ALJ broadly rejected Plaintiff's subjective complaints such that it is unclear whether she considered Plaintiff's medical condition as a whole. *See Dyer*, 395 F.3d at 1211. Thus, this matter requires remand to reconsider Plaintiff's subjective statements about his migraine headaches and on remand to reconsider Plaintiff's subjective statements about his brain infarction.

## III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's subjective complaints. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 14, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties